IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO: 3:15-CV-499-RJC-DCK

| | |
|---|---|
| **CHARLES N. MYERS and BRYAN R. HOOTS,**<br><br>Plaintiffs,<br><br>v.<br><br>**CERTUSBANK, N.A. and CBSUB, INC.,**<br><br>Defendants. | **PROTECTIVE ORDER** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, good cause having been shown, the following Protective Order is hereby entered to facilitate and expedite discovery in this action.

IT IS HEREBY ORDERED that Plaintiffs, Defendants, and any other person subject to this Order shall adhere to the following terms.

1. **Definition of Protected Material.** "Protected Material" means all documents, tangible items, testimony, written discovery responses, and information that has been properly designated by any party or non-party as "CONFIDENTIAL" pursuant to this Protective Order.

2. **Criteria for Designation.** A party or non-party may designate material as "CONFIDENTIAL" only in accordance with the following procedures:

(a) **"CONFIDENTIAL" Material.** A party or non-party (the "Designating Party") may designate documents, tangible items, testimony, or other information (collectively, "material") as "CONFIDENTIAL" if the party or non-party reasonably believes that the material

1

contains a trade secret or other proprietary or confidential business, technical, sales, marketing, financial or other commercial information.

3. **Manner of Designation.** The Designating Party shall designate Protected Material in the following manner:

    (a) For documents, by placing the notation "CONFIDENTIAL" on each page of such document;

    (b) For tangible items, by placing the notation "CONFIDENTIAL" on the item, or if such is not practicable, as otherwise agreed by the parties;

    (c) For testimony, by (i) designating such testimony as "CONFIDENTIAL" within the time periods allowed pursuant to paragraph 4(c) of this Order; and (ii) requesting that the court reporter place the notation "CONFIDENTIAL" on each page of the transcript so designated, which designated pages of the transcript shall be separately bound and conspicuously marked on its cover; any testimony taken by the parties during which Protected Material is being disclosed shall be taken as if <u>in camera</u> without any persons in attendance other than the persons listed in Paragraph 6 below, except that the parties may by unanimous consent agree that additional persons may attend; and

    (d) For declarations, affidavits, written discovery responses, court filings or pleadings, by placing the notation "CONFIDENTIAL" on the face of such document.

4. **Time of Designation.** Unless otherwise agreed, the designation of any material as "CONFIDENTIAL" shall be made at the following times:

    (a) For documents, at the time of the production of documents;

    (b) For declarations, affidavits, written discovery responses, and pleadings, at the time of the service or filing, whichever occurs first; and

(c) For testimony, either (i) at the time that such testimony is given, or (ii) within thirty (30) days after the receipt of the transcript of such testimony by the Designating Party; and

(d) For documents received from a third-party in response to a subpoena, within thirty (30) days after the receipt of such documents by the Designating Party.

5. **Resolution of Disputes Regarding Designation.** If a party receiving Protected Material (the "Receiving Party") believes that any information is improperly designated, as provided in this Protective Order, it may, at any time, contest such designation by sending written notice to the Designating Party. If the parties cannot in good faith resolve the dispute, the Receiving Party may move the Court for an order removing or changing the designation; provided, however, that the Designating Party shall have the burden of proving that such particular Protected Material is properly designated. Protected Material that is subject to a dispute shall be treated as originally designated until the parties agree or the Court orders otherwise.

6. **Persons to Whom Protected Material May Be Disclosed.**

(a) **Disclosure of "CONFIDENTIAL" Material.** Material designated as "CONFIDENTIAL" may be disclosed, and copies may be provided, only to the following:

  i. The parties to this action;

  ii. The parties' outside counsel of record and such counsel's support staff, legal assistants, and clerical personnel (collectively, "Outside Counsel");

  iii. Any expert witness or consultant (collectively, "Expert") retained by a party or its respective attorneys in connection with this action, but only after such person has been provided with a copy of this Protective Order and has acknowledged his or her willingness to abide by the Order by executing the attached Confidentiality Agreement;

iv. Any witness who may testify at a deposition or trial in this action with respect to Confidential Material, but only after such person has been provided with a copy of this Protective Order and has acknowledged his or her willingness to abide by the Protective Order by executing the attached Confidentiality Agreement.

v. Any non-party support services including, but not limited to, outside copying services, court reporting services, court reporters, and videographers as may be reasonably necessary in connection with the preparation or conduct of this action; and

vi. The Court and its personnel and any mediator or arbitrator having jurisdiction over this action.

(b) **Additional Authorized Disclosure of Protected Materials.** Notwithstanding anything to the contrary in ¶ 6(a) of this Protective Order, particular Protected Materials that have been designated as "CONFIDENTIAL" may be disclosed and copies may be provided:

i. To any other persons with the prior written consent of the Designating Party;

ii. To any other persons with the prior authorization of the Court; and

iii. To an employee or officer of the Federal Deposit Insurance Corporation ("FDIC") or the Office of the Comptroller of the Currency ("OCC") if a Receiving Party receives a request for materials from an officer or employee of the FDIC or the OCC, and such materials constitute Protected Materials under the terms of this Protective Order; provided, however, that any Protected Materials disclosed pursuant to this Section 6(b)(iii) shall otherwise remain subject to the terms of this Protective Order."

7. **Disclosure and Use of Protected Material.** The Receiving Party shall not disclose Protected Material except in accordance with this Protective Order, nor use Protected Material

for any purpose other than preparing for and conducting the prosecution and defense of the claims between or involving the parties to this proceeding and any review or appellate proceedings that may follow. Disclosure of any Protected Material shall be limited to disclosure reasonably necessary for the prosecution and defense of claims in this proceeding.

8. **Filings With This Court.** To the extent that Protected Material is to be filed with this Court, each such document and thing shall be filed under seal pursuant to the requirements of Local Rule 6.1.

9. **Duty to Return Document and Things.** Within sixty (60) days after the entry of a final non-appealable judgment or order concluding the above-captioned action or the complete settlement of all claims asserted against all parties in this action, each party shall, at its option, either return to the Designating Party or destroy all Protected Material received from the Designating Party, and shall destroy in whatever form stored or reproduced all work product and any other documents or tangible things that contain or refer to Protected Material. Outside Counsel for any party or non-party properly receiving Protected Material shall provide written certification of compliance with this provision to counsel for the Designating Party within ninety (90) days after the entry of a final non-appealable judgment or order concluding this action or the complete settlement of all claims asserted against all parties to the action. Counsel of record may retain one set of all papers filed with the Court, including any Protected Material filed under seal. Protected Material used as exhibits in hearings or other aspects of this matter may be resealed at the request of either party.

10. **Inadvertent Disclosure of Protected Material.** Inadvertent failure to identify documents or items as "CONFIDENTIAL" information pursuant to the terms of this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such

claim is asserted within thirty (30) days of the discovery of the inadvertent disclosure. At such time, arrangements shall be made for the Designating Party to appropriately mark the information in accordance with the terms of this Protective Order. The Receiving Party shall have no liability, under this Order or otherwise, for any disclosure of information contained in documents or items not bearing a confidentiality legend occurring before the Receiving Party was placed on notice of the Designating Party's claims of confidentiality.

11. **Subpoena of "CONFIDENTIAL" Information.** If any individual or entity subpoenas, orders production, or requests discovery of Protected Material that a Receiving Party has obtained subject to this Protective Order, the Receiving Party shall promptly notify the Designating Party of same and shall not produce the Protected Material until the Designating Party has had reasonable time (at least ten (10) business days) to object or take other appropriate steps.

12. **Duty to Report.** When any attorney of record in this action becomes aware of any violation of this Protective Order, or of a Confidentiality Agreement, or of facts constituting good cause to believe that a violation of this Order or such Confidentiality Agreements may have occurred, such attorney shall promptly report any such violation to this Court and to Outside Counsel for the Designating Party.

13. **Continuing Jurisdiction.** After the conclusion of the above-captioned action, the provisions of this Protective Order shall continue to be binding until further order of this Court, and this Court shall retain jurisdiction over the parties and any other person who has had access to Protected Material pursuant to this Protective Order, in order to enforce the provisions of this Protective Order.

14. **Limitations of Order.** The restrictions set forth in any of the preceding paragraphs shall not apply to material that:

(a) was, is, or becomes public in a manner other than by violation of this Order;

(b) was already lawfully possessed by the non-designating party before the disclosure by the Designating Party (except for documents or items in the possession of the non-designating party that are subject to a confidentiality or non-disclosure agreement); or

(c) was independently developed by the non-designating party by personnel who did not receive or have access to the Designating Party's Protected Material.

15. **Modification or Amendment of Order.** This Protective Order is without prejudice to the right of any party to seek modification or amendment of this Protective Order by further Order of this Court upon motion and notice.

**IT IS SO ORDERED**.

Signed: May 11, 2016

David C. Keesler
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO: 3:15-CV-499-RJC-DCK

**CHARLES N. MYERS and BRYAN R. HOOTS,**

        **Plaintiffs,**

**v.**

**CERTUSBANK, N.A. and CBSUB, INC.,**

        **Defendants.**

## CONFIDENTIALITY AGREEMENT

I, _____, having been retained by _____ as a _____ in connection with the above-captioned lawsuit, hereby acknowledge that I am to be provided access to Protected Material supplied by other parties and/or non-parties, as defined in the Protective Order entered in the above-referenced matter on _____. I further state the following:

1. My present address is: _____

   _____

2. My present employer is: _____

   _____

3. My present occupation or job description is: _____

   _____

4. Attached is a copy of my current resume or curriculum vitae.

5. I certify my understanding that the Protected Material is being provided to me pursuant to the terms of the Protective Order and that I have been given a copy of and have read and understand my obligations under that Protective Order. I hereby agree to be bound by the terms of the Protective Order. I understand that the Protected Material and my copies or

notes relating thereto may be disclosed to or discussed with only those persons permitted by the Protective Order to receive such material.

6. I will return on request all Protected material, copies thereof, and notes that I have prepared relating thereto, to outside counsel of record for the party to whom I am associated.

7. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Confidentiality Agreement pursuant to the Protective Order and waive all objections to jurisdiction and venue.

DATED: _____     Signature: _____

                                   Printed Name: _____