# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### Case No: 3:15-cv-00499

|  |  |
|---|---|
| CHARLES N. MYERS and BRYAN R. HOOTS,<br><br>Plaintiffs,<br><br>v.<br><br>CERTUSBANK, N.A. and CBSUB, INC.,<br><br>Defendants. | **CONSENT ORDER** |

This matter having come before the Court on a Motion to Intervene in and to Stay this action (the "FDIC Motion") filed by the Federal Deposit Insurance Corporation (the "FDIC") and Plaintiffs Charles N. Myers ("Myers") and Bryan R. Hoots ("Hoots"), Defendants CertusBank, N.A. and CBSUB, Inc. (collectively "CBSUB"), by and through their counsel of record in this action, having consented to the terms of this Consent Order, the Court finds and orders as follows:

1.    Myers and Hoots (collectively the "Plaintiffs") brought this action seeking to recover, among other things, amounts owed to them by CBSUB based on the termination of Plaintiffs' employment with CBSUB without cause. CBSUB defended the Plaintiffs' claims based primarily on the contention that the sums claimed are "golden parachute" payments that CBSUB is precluded from making without permission of the FDIC and the Office of the Comptroller of the Currency (the "OCC");

2.	The FDIC filed the FDIC Motion on April 12, 2016. In the FDIC Motion, the FDIC sought leave to intervene in this action and requested that this action be stayed while the FDIC and the OCC completed their review of applications (the "CBSUB Applications") CBSUB made seeking an administrative determination by the FDIC and OCC concerning whether the sums the Plaintiffs' claim are "golden parachute" payments within the applicable laws, rules, and regulations, and, if so, whether CBSUB should be permitted to make those payments.

3.	The Court conducted a hearing on the FDIC Motion on July 28, 2016.

4.	By letter dated September 9, 2016, the FDIC issued to CBSUB its determinations. The FDIC determined (a) that the payments sought by Myers and Hoots in this matter, and which were the subject of FDIC's administrative review, meet the definition of "golden parachute" payments under 12 C.F.R. § 359.1(f)(1) and are not subject to any other exception under 12 C.F.R. §359.1(f)(2); and (b) that CBSUB, as successor-by-merger to CertusBank, N.A. is subject to regulation under 12 U.S.C. § 1828(k) and Part 359 as a "covered company" and therefore cannot make the requested payments without prior regulatory approval pursuant to 12 C.R.F. § 359.2.

5.	The FDIC declined CBSUB's request as to Myers and denied regulatory approval for any payment to Myers.

6.	The FDIC granted CBSUB's request as to Hoots and approved payment to Hoots in an amount equal to his annual salary at the time of termination of his employment by CertusBank, N.A., contingent only upon approval by the OCC.

7. The OCC has not yet responded to CBSUB concerning the request for approval of the payment to Hoots, as allowed by the FDIC. If the OCC grants permission for the payment, Hoots is willing to accept such payment in full and final resolution of his claims in this matter, and intends to stipulate to the dismissal of his claims, with prejudice, upon receipt thereof.

8. The FDIC designated its decisions with regard to the CBSUB Applications as "final agency actions." Those decisions render the FDIC Motion moot.

9. CBSUB's Motion to Dismiss filed on February 12, 2016, remains before the Court for decision.

10. At the hearing on the FDIC Motion, the FDIC, through its counsel, agreed to be joined in this action for purpose of any challenge that the Plaintiffs might have to the FDIC administrative action on the CBSUB Applications. The Court will grant Myers a reasonable time to join the FDIC in this action for the purpose of making such a challenge prior to acting on CBSUB's Motion to Dismiss.

THEREFORE, the Court ORDERS as follows:

A. The FDIC Motion, (Doc. No. 20), is dismissed as Moot.

B. This action shall be stayed for a period of thirty (30) days from entry of this Order. If Myers fails to take steps to join the FDIC in this action within such 30-day period, the Court will schedule a hearing on CBSUB's Motion to Dismiss.

This 12ᵀᴸ day of December, 2016.

Robert J. Conrad, Jr., Judge
United States District Court for the
Western District of North Carolina

Consented to:

KATTEN MICHIN ROSENMAN, LLP

By: /s/
   Richard L. Farley, NCSB#14100
   richard.farley@kattenlaw.com
   Allison H. Popp, NCSB #46115
   allison.popp@katten law.com
   Kelsey R. Meuret, NCSB# 49407
   Kelsey.meuret@kattenlaw.com

550 Tryon Street, Suite 2900
Charlotte, North Carolina 28202-4213
(704) 444-2037
(704) 344-3075 (fax)

*Attorneys for Plaintiffs*

JAMES-BATES-BRANNAN-GROOVER-LLP

By: /s/
   William J. Sheppard, Ga Bar No. 641980
   *Admitted Pro Hac Vice*
   wsheppard@jamesbatesllp.com
   Thomas A. Simpson, Ga Bar No. 220521
   tsimpson@jamesbatesllp.com

3399 Peachtree Road, Suite 1700
Atlanta, Georgia 30326
(404) 997-6020
(404) 997-6021 (fax)

*Attorneys for Defendants*